IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RAYMEY VOSS,**
**#213751**                                                                                          **PLAINTIFF**

V.                              CASE NO. 4:20-CV-171-LPR-BD

**DYLAN BERRYMAN,** *et al.*                                                       **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections

This Recommendation has been sent to Judge Lee P. Rudofsky. Mr. Voss may file objections with the Clerk of Court if he disagrees with the findings or conclusions set out in the Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Voss does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II. Discussion

Federal courts review prisoner complaints prior to serving defendants if the prisoner seeks relief from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). Because Mr. Voss is proceeding without a lawyer, the Court will read his complaint liberally and accept his factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Even so, if the

facts he alleges fail to state a claim for relief, the Court is obliged to dismiss the complaint. 28 U.S.C. § 1915A(b).

Mr. Voss filed this lawsuit while he was a pretrial detainee in the Lonoke County Detention Facility. He alleges that on the night of January 17, 2019, Defendant Berryman shined a flashlight in his face and awakened him for no apparent reason. (#2) Almost nine months later, on October 13, 2019, Defendant Berryman allegedly came into Mr. Voss's cell while he was sleeping, pulled off his blanket, and threatened him while wearing hard-knuckle gloves. (#2)

These allegations, even if true, do not state a federal claim for relief. Certainly, the conduct Mr. Voss alleges is unprofessional and inappropriate, if it occurred. Even so, the described conduct does not rise to the level of a constitutional violation. Verbal abuse and threatening language, while not condoned, do not constitute a federal claim for relief. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (verbal threats and name-calling are not actionable under § 1983).

Mr. Voss also complains that Defendant Berryman moved him from protective custody on December 30, 2019, at the direction of Defendant Smith, in violation of jail policy. (#2) He further explains that on February 9, 2020, he was moved back to protective custody after he "almost got jumped by Aryan Gang members." (#2)

As with Mr. Voss's other claims, these allegations do not state a federal claim for relief. Even if Defendants violated jail policy, that is not an issue for the federal courts. Prisoners and detainees do not have a constitutional right to enforce compliance with internal jail rules or regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Furthermore, there is no constitutional right to be assigned to a particular cell or housing unit. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). Significantly, Mr. Voss does not provide any facts that suggest he is in immediate danger or that Defendants have failed to protect him. In fact, he notes that Defendants immediately moved him to protective custody when they became aware that he was at risk of attack.

Mr. Voss also claims that Defendant Berryman and other jail officials discriminated against him. (#2) He has not included any facts in his complaint, however, to support that assertion. *See Iqbal*, 556 U.S. at 678 ("labels and conclusions," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").

### III.    Conclusion

Mr. Voss's claims should be DISMISSED, without prejudice, based on failure to state a federal claim for relief. Furthermore, this dismissal should count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

DATED this 2nd day of March, 2020.

                                                                                                 _____
                                                              UNITED STATES MAGISTRATE JUDGE

4